FILED
2019 APR 02 11:04 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 19-2-09015-4 KNT

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| MARK DONNELLY, | No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| ATDEC DISTRIBUTION USA PTY. LIMITED, a foreign corporation, | |
| Defendant. | |

Plaintiff Mark Donnelly ("Donnelly") by and through his attorneys, alleges the following Complaint for damages against Atdec Distribution USA Pty. Limited ("Atdec"). Atdec employed Donnelly as a consultant beginning in 2009. An equity ownership plan issued by Atdec entitles Donnelly to redeem vested options at the time of his exit from Atdec. Donnelly resigned and properly issued notice requesting redemption of his equity shares. Despite multiple demands, Atdec has improperly refused to compensate Donnelly for the value of his vested options. Donnelly now seeks damages for the amount of the options that are being wrongfully withheld by Atdec.

COMPLAINT FOR DAMAGES – 1

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## I.   PARTIES

1. Plaintiff Mark Donnelly is an individual residing in Littleton, Colorado.

2. Defendant Atdec is a foreign corporation that is registered to do business in Washington State. Atdec transacts business and maintains a warehouse and inventory in King County, Washington.

## II.   JURISDICTION AND VENUE

3. Venue is proper in King County pursuant to RCW 4.12.025 because Atdec transacts business in King County, Washington and Atdec maintains an office for the transaction of business in King County, Washington.

4. Plaintiff seeks damages from the Defendant for breach of contract.

## III.   FACTUAL ALLEGATIONS

5. Plaintiff has worked for Atdec as a consultant since 2009.

6. Prior to beginning employment as a consultant with Atdec, Plaintiff negotiated with Atdec's CEO, Jerome Green, a compensation package. Because it was a small company with limited resources, Plaintiff negotiated as part of his overall compensation ownership of shares (options) in the company that could be redeemed when Plaintiff left the company.

7. Pursuant to the agreement regarding Plaintiff's compensation, Atdec issued to Plaintiff on July 1, 2009 a Share Option Deed ("Plan"), which identifies the terms of the shares that were issued to Plaintiff pursuant to his employment with Atdec.

8. The Plan specifies the terms for the vesting of the shares and the method for calculating the value of the option shares at the time of exercise.

9. On October 2, 2018, Plaintiff resigned and left the employment of Atdec.

10. On December 18, 2018, Plaintiff properly exercised, through notice to Atdec, his 12,800 vested options pursuant to the Plan.

COMPLAINT FOR DAMAGES – 2

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

11. The Plan specifies that Plaintiff is to be compensated for the value of vested options within 60 days:

> All Vested Options held by the Participant will be cancelled by the Company in consideration for the payment to the Participant of an amount per Vested Option equal to the Market Value, within 60 days of the cancellation of the Options. Section 10.4.

12. The Plan specifies the method of calculating the Market Value of the vested options. The Market Value is defined as: (EBITDA x 4) / the total number of shares on a fully diluted basis.

13. The Plan defines EBITDA as Atdec Distribution USA Pty. Ltd.'s "earnings before interest, tax, depreciation and amortization during the previous financial year."

14. Atdec regularly used EBITDA calculations to determine commissions owed to its salespeople. Atdec also regularly prepared EBITDA calculations for fiscal years. The EBITDA calculations used and prepared by Atdec and disclosed to Plaintiff never included overhead expenses related to Atdec's separate Australian company.

15. On February 11, 2019, Atdec, in an email from Jerome Green, informed Plaintiff that the Market Price of the vested options held by Plaintiff was zero. Green attached a purported calculation of Atdec's EBITDA. The calculation sent by Green included an expense of $911,061 for "HQ O'head Recovery". This expense relates to purported expenses incurred by a separate Australian company. This expense had never previously been included in EBITDA calculations. The inclusion of this expense in the EBITDA calculation rendered negative the ultimate purported EBITDA number that was claimed by Green.

16. On February 14, 2019, Plaintiff sent an email to Jerome Green and Atdec explaining that the EBITDA calculation was incorrect and any allegations that the Market Value was zero were without merit.

17. Atdec has improperly refused to compensate Plaintiff for the true value of his

COMPLAINT FOR DAMAGES – 3

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

option shares consistent with the Plan.

### IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

18. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

19. The Plan is a legally binding document between the parties.

20. Under the terms of the Plan, Atdec agreed to compensate Plaintiff for the Market Value of his vested options.

21. Plaintiff has properly performed and complied with all terms and conditions of the Plan, except for any terms or conditions which have been excused, prevented, waived, and/or released by Atdec.

22. Atdec breached the Plan by failing to compensate Plaintiff for the true value of his vested options as required by the Plan.

23. As a direct result of Atdec's breach of contract, Plaintiff has suffered damages in an amount to be proven at trial.

### VI. SECOND CAUSE OF ACTION: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

24. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

25. The Plan included an implied covenant of good faith and fair dealing.

26. Plaintiff has properly performed and complied with all terms and conditions under the contract identified herein, except for any terms and conditions which have been excused, prevented, waived, and/or released by Atdec, and there were no conditions precedent relieving Atdec of its obligation to perform.

27. Atdec has a duty to interpret the Plan with reasonable care and consistent with past actions and calculations.

COMPLAINT FOR DAMAGES – 4

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

28. Atdec breached the implied covenants of good faith and fair dealing by failing to interpret the Plan consistent with past actions and calculations and by refusing to pay the true Market Value of the option shares.

29. As a direct, proximate, and foreseeable result of Atdec's breach of the covenant of good faith and fair dealing, Plaintiff has suffered damages in an amount to be proven at trial.

**REQUEST FOR RELIEF**

Plaintiff seeks judgment against Defendant as follows:

a. Damages in an amount to be proven at trial, but no less than $450,000;

b. Costs and reasonable attorneys' fees as allowed by law; and

c. Such other and further relief as this Court deems just and equitable.

DATED this 2nd day of April, 2019.

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
Todd T. Williams, WSBA No. 45032
1001 4th Avenue, Suite 3900
Seattle, WA 98154-1051
(206) 625-8600 Phone; (206) 625-0900 Fax
bmarksdias@corrcronin.com
twilliams@corrcronin.com

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES – 5

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900