HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK DONNELLY,

    Plaintiff,

v.

ATDEC DISTRIBUTION USA PTY. LIMITED,

    Defendant.

Case No. 2:19-cv-00651-RAJ

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss. Dkt. # 8. For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

Plaintiff Mark Donnelly ("Donnelly") worked as a Vice President and General Manager for Defendant Atdec Distribution USA Pty. Ltd. ("Atdec"), an Australian company that develops, manufactures and markets mounting hardware for laptops, televisions and other technology. Upon starting his employment, Donnelly negotiated a compensation package with possible share options that could be redeemed when he left Atdec. The agreement is set forth in the Share Option Deed dated July 1, 2009 (the "Plan"). Dkt. # 12, ¶ 3. The Plan specifies the terms for vesting of his shares and the method for calculating the value of the option shares at the time of exercise. *Id.* at 30-50.

In October 2018, Atdec parted ways with Donnelly. *Id.* at 7-8. On December 18,

ORDER – 1

2018, Donnelly provided notice to Atdec of his intent to exercise his share options. *Id*. at 8. On February 11, 2019, by email, Atdec informed Donnelly that the value of his vested options was zero dollars. *Id.* Donnelly was not compensated for his 12,800 vested options and sues for breach of contract and breach of the covenant of good faith and fair dealing. *Id*.

It is undisputed that Atdec is an Australian corporation and Donnelly is a resident of Colorado. Atdec states that it does not own property in Washington, has no offices or employees in Washington, has no operations in Washington, and does not have any bank or other financial accounts in Washington. Dkt. # 10. It moves to dismiss for lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim. Dkt. # 8. Because the Court concludes that it is without jurisdiction, it will not address Atdec's other arguments.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss claims against it for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Plaintiff has the burden of establishing personal jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). "Where, as here, the defendants' motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id*. The plaintiff cannot "simply rest" on the bare allegations of his or her complaint, and all "uncontroverted allegations" must be taken as true. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Where there are conflicts between parties over statements contained in affidavits, these conflicts must be resolved in the plaintiff's favor. *Id*.

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (citing Fed. R. Civ. P. 4(k)(1)(A)). Washington's long-arm statute, RCW 4.28.185, "extends jurisdiction to the limit of federal due process." *Shute v. Carnival Cruise Lines*, 113

ORDER – 2

Wash.2d 763, 771 (1989). The due process clause grants the court jurisdiction over defendants who have "certain minimum contacts . . . such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction can be found on either of two theories: general jurisdiction and specific jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). A defendant with "substantial" or "continuous and systematic" contacts with the forum state is subject to general jurisdiction. *Id.* "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotations omitted). For specific jurisdiction, courts apply a three-part test: (1) the defendant has either purposefully directed his activities toward the forum or purposely availed himself of the privileges of conducting activities in the forum, (2) the plaintiff's claims arise out of the defendants' forum-related activities, and (3) exercise of jurisdiction is reasonable. *Axiom Foods, Inc.*, 874 F.3d at 1068.

Plaintiff bears the burden of satisfying the first two prongs. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). In tort cases like this one, the plaintiff must show that the defendant has purposefully directed activities toward the forum. *Schwarzenegger*, 374 F.3d at 802. In the purposeful direction inquiry, a court evaluates whether a defendant undertakes action that occurs outside the forum but is nonetheless directed toward the forum, such as distribution and advertising. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155-56 (9th Cir. 2006). In doing so, the Court applies the *Calder* "effects" test, which requires that a defendant (1) commit an intentional act, (2) expressly aimed at the forum state, (3) that caused harm that the defendant knew was likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (citing *Calder v. Jones*, 465 U.S. 783, 789-790 (1984)).

ORDER – 3

If the purposeful direction test is met, the Court must then evaluate whether the claims at issue arose from a defendant's forum-related conduct. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). That is, Plaintiff must show that it would not have suffered an injury "but for" each defendant's forum-related conduct. *Id*. The burden would then shift to the defendant under prong three to make a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

## IV. DISCUSSION

Atdec disputes Donnelly's assertion that jurisdiction is appropriate under either theory. The Court addresses each in turn.

### A. General Jurisdiction

Unless the facts present "an exceptional case," a corporation typically is "at home" and subject to general jurisdiction in the state where it is incorporated or has its principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n. 19 (2014). Washington is neither Atdec's place of incorporation nor its principal place of business. It was incorporated in New South Wales, Australia, which is also the location of its principal place of business. Dkt. # 10, ¶¶ 3-5.

Opposing the motion, Donnelly submits a declaration purporting to demonstrate that Adtec is at home in Washington. He states that Adtec has a business contract with Washington-based Lile International Companies ("Lile"), which receives and ships Atdec's products for sale and distribution in the U.S. and Canada. Dkt. # 12. Donnelly also states that Lile conducts and performs tasks for Atdec under the latter's direction and control; Atdec representatives, including Donnelly, have made several trips to Washington to advise Lile on its policies. *Id.* at 3-4. Atdec indicates online that "Atdec North America" is located at Lile's Kent address and has a registered agent located in Washington. *Id.* at 4.

Donnelly's argument is unavailing. Even where a company sends employees and products into a forum and engages in commercial transactions there, general jurisdiction

ORDER – 4

must be appraised based on the company's entire activities worldwide. *See Daimler AG*, 571 U.S. at 124; *Martinez v. Aero Caribbean*, 764 F.3d 1062 (9th Cir. 2014). As the Supreme Court declared: "A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler AG*, 571 U.S. at 140 n. 20.

The record demonstrates that Atdec is not "at home" in Washington. It has no property or offices here. Almost all of its employees are located in Australia. Dkt. # 10 at 2. U.S.-based sales only accounted for 7 percent of Atdec's gross receipts in recent years; Washington sales amount to less than 2 percent. *Id.* at 2-3. Furthermore, Atdec's relationship with Lile is likewise insufficient to confer general jurisdiction. *See Ranza*, 793 F.3d at 1070 (finding Nike subsidiary was not subject to general jurisdiction in Oregon despite having employees and regular business meetings there and despite having entered into contracts where Nike acted as its agent in Oregon); *Aero Caribbean*, 764 F.3d at 1070 (multi-million dollar contracts with California corporations insufficient to confer general jurisdiction); *see also King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (holding that a corporation's designation of an agent for in-state service of process does not create general jurisdiction over the corporation). Based on the foregoing, this Court does not have general jurisdiction over Atdec.

**B.     Specific Jurisdiction**

For specific personal jurisdiction to apply, the foreign defendant must have purposefully directed the activities at issue in the litigation to the forum state and caused harm that he knows is likely to be suffered in the forum. *Picot v. Weston*, 780 F.3d 1207, 1211 (9th Cir. 2015). The Court agrees with Atdec that these requirements have not been met as to Donnelly's contract claims.

For contract-based claims, courts consider the relationship between the forum and the course of negotiations, the terms of the contract, and its anticipated future consequences in evaluating specific jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 479 (1985). Here, Donnelly's employment agreement was not executed or negotiated in Washington,

ORDER – 5

nor does it contemplate specific conduct or performance by either party in Washington. *See Lee v. Abdel-Haq*, 2013 WL 587654 (W.D. Wash. Feb. 14, 2013) (finding specific jurisdiction over defendant where breach of contract claim involved negotiations in Washington and a duty to repay a Washington resident). Ultimately, the complained-about conduct—the contract negotiations, the calculation of the shares' market value, and the harm from failure to pay—appears to have all taken place in Australia or Colorado. *See* Dkt. # 1, ¶¶ 13-16. As such, the Court finds that Donnelly fails to demonstrate that any harm related to his claims occurred in Washington.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Atdec's motion. Dkt. # 8.

DATED this 5th day of February, 2020.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6